FILED
Apr 26, 2021
12:53 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Elizabeth Harrison | ) Docket No. 2018-01-0699 |
| | ) |
| v. | ) State File No. 58404-2018 |
| | ) |
| Chattanooga Staffing, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Audrey A. Headrick, Judge | ) |

---

## Affirmed and Remanded

---

This is an interlocutory appeal following the third expedited hearing in this case. The employee, a caregiver, alleged that she injured her left shoulder while moving a paraplegic client. The employer initially provided workers' compensation benefits, but it terminated temporary disability benefits after the employer offered to return the employee to work in a light duty position. Following the first expedited hearing, the trial court ordered the payment of temporary disability benefits after concluding the employee's refusal to work light duty was reasonable. After a second expedited hearing, the trial court discontinued temporary disability and medical benefits based on the causation opinion of the authorized physician. The employee sought unauthorized treatment, including shoulder surgery, and later requested a third expedited hearing in which she asked the court to compel the employer to provide additional medical treatment for her left shoulder. The trial court concluded the employee failed to provide sufficient evidence to demonstrate she was likely to prevail at trial and denied her request for medical benefits. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's denial of medical benefits and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge David F. Hensley joined.

Charles G. Wright, Jr., Chattanooga, Tennessee, for the employee-appellant, Elizabeth Harrison

Rosalia Fiorello, Nashville, Tennessee, for the employer-appellee, Chattanooga Staffing

1

**Factual and Procedural Background**

Elizabeth Harrison ("Employee"), a caregiver for Chattanooga Staffing ("Employer"), reported that she experienced a tearing and burning sensation across her neck and into her left shoulder while moving a paraplegic patient on July 16, 2018. She notified Employer of the incident and sought unauthorized medical treatment two days later with her primary care physician, Dr. Andrew Mendoza. Dr. Mendoza prescribed medication and placed Employee in a sling. Employer subsequently provided a panel of physicians from which Employee selected Physicians Care, where she was evaluated on July 23. The provider at Physicians Care placed Employee on restrictions of right arm use only with continued use of the sling as needed. Employee remained under these restrictions until the authorized provider made a referral to an orthopedist on August 22. Dr. Justin Arnold, an orthopedic physician selected from an Employer-provided panel, first saw Employee on August 29 and diagnosed her with "left bursitis/rotator cuff impingement." During this visit, he placed Employee on restrictions of no lifting with her left arm and no overhead work. Employee continued to follow up with Dr. Arnold for her left shoulder complaints. In a November 20 medical note, Dr. Arnold stated:

> At this point, I do not believe her pain symptoms are explained by the pathology in the shoulder as the MRI was only positive for bursitis and AC osteoarthritic changes and her shoulder joint seems to be fairly benign at present. Given the failure of injections, therapies, and medications to relieve any type of muscle soreness and concern for nerve irritation [sic]. I do feel like this has been consistent from the beginning. I do believe it is related to [the] original injury as she was doing kind of a pulling torqueing mechanism trying to support her client in a chair, which would be somewhat consistent with potential nerve irritation. Therefore, I really would strongly favor evaluation by a spine surgeon.

Dr. Arnold continued Employee's restrictions and advised he would see her following an evaluation by a spinal surgeon.

Employee filed a petition for benefits, and on December 12, 2018, a dispute certification notice was filed identifying the disputed issue as Employee's entitlement to temporary disability benefits. As a defense, Employer noted Employee's refusal to accept light duty work and a "[p]ossible pre-existing condition." Employee subsequently filed a request for an expedited hearing.

Employee was evaluated by Dr. J. Alex Seilatycki, a spine surgeon, on April 9, 2019. Dr. Seilatycki diagnosed a herniated disc at C5-C6 and recommended a cervical discectomy and fusion. On May 6, counsel for Employer sent a letter to Dr. Sielatycki presenting the following questions:

1. Can you state to a reasonable degree of medical certainty that [Employee's] employment and/or work injury with [Employer] primarily caused [Employee's] current complaints/symptoms as they relate to her left shoulder and cervical spine, that is, did [her] work-related accident on July 16, 2018, contribute more than 50% in causing the injury, considering all possible causes?

2. Can you state to a reasonable degree of medical certainty that [Employee's] employment and/or work injury contributed more than 50% in causing the need for surgical intervention of the cervical spine?

Dr. Sielatycki responded to the first question stating, "[g]iven reports from prior [h]ospitals, I cannot state her disc disease is definitely [greater than] 50% related." In response to the second question, he wrote, "I rely solely on patient report of symptoms to determine time course. Surgery is warranted to treat her condition. I cannot prove the need for surgery is [greater than] 50% related to the injury in question."

The trial court conducted an expedited hearing on June 4, but Employer did not receive Dr. Sielatycki's responses to its questionnaire in time to submit those responses for consideration at the hearing. Medical causation was not identified as a disputed issue at the hearing, and the only issue decided by the court was whether it was reasonable for Employee to refuse the light duty work offered by Employer. In an order issued on June 10, 2019, the court concluded Employee's refusal to attempt the light duty work was reasonable and ordered Employer to pay past and ongoing temporary disability benefits. The following day, Employer filed a motion to reopen the proof, noting that it had received responses from Dr. Sielatycki addressing causation. The trial court denied Employer's motion, and neither the June 10 expedited hearing order nor the order denying Employer's motion to reopen the proof was appealed.

On October 25, 2019, Employer filed a request for a hearing after filing a motion to terminate benefits. A dispute certification notice was issued on November 25, 2019, identifying medical benefits and compensability as the disputed issues. In the second expedited hearing, Employer argued that the trial court should discontinue Employee's temporary partial disability benefits and deny additional medical benefits "based on the causation responses of [the] panel physician, Dr. Alex Sielatycki." In its December 20, 2019 order, the trial court stated that to "prove [an] entitlement to medical benefits, [Employee] must show, to a reasonable degree of medical certainty, that the incident 'contributed more than fifty percent (50%) in causing the . . . need for medical treatment, considering all causes.'" Tenn. Code Ann. § 50-6-102(14) (2020). In addition, the court stated that Employee "presented no testimony or other proof to contradict Dr. Sielatycki's causation responses," and "[f]or that reason, the [c]ourt holds that [Employee] failed to overcome the statutory presumption afforded to Dr. Sielatycki." The court concluded Employee was not likely to prevail at a hearing on the merits and denied further

3

temporary disability and medical benefits.  Employee did not appeal the December 20, 2019 order.

Employee filed another petition for benefits on August 12, 2020.  The following month, she underwent shoulder surgery that was paid for by an indigent care program.[1]  Following an unsuccessful mediation, Employee requested a third expedited hearing, which was conducted telephonically on February 2, 2021.  The sole issue before the trial court at that time was whether Employer should be ordered to provide additional medical benefits related to Employee's left shoulder.  During the hearing, Employee acknowledged that no physician had causally related her current symptoms to the July 2018 work incident, and Employee did not submit any medical proof to contradict Dr. Sielatycki's opinions.  The trial court concluded that Employee failed to provide sufficient evidence demonstrating she was likely to prevail at trial and denied her request for additional medical benefits.  Employee has appealed.

**Standard of Review**

The standard we apply in reviewing the trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise.  *See* Tenn. Code Ann. § 50-6-239(c)(7) (2020).  However, a trial court's findings based upon documentary evidence is reviewed do novo with no presumption of correctness.  *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018).  Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions.  *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013).  We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer.  Tenn. Code Ann. § 50-6-116 (2020).

**Analysis**

Employee asserts the trial court erred in declining to order Employer to provide additional medical benefits because "Dr. Sielatycki never treated or examined the shoulder injury of [Employee]" and "the record is devoid of any evidence to the contrary."  She further contends the referral to Dr. Sielatycki was for neck pain, which is separate from the shoulder injury that Dr. Arnold was treating.  In contrast, Employer contends the trial court did not err in denying additional medical benefits because

---

[1] Employee testified that she underwent surgery for her shoulder, but it is unclear who performed the surgery or what specific condition the surgery addressed, as those medical records are not included in the record on appeal.

Employee "presented no evidence at the expedited hearing to rebut Dr. Sielatycki's causation opinion."

At an expedited hearing, an employee need not prove each and every element of his or her claim by a preponderance of the evidence in order to obtain temporary disability benefits or medical benefits. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(1). *Id.* Thus, while an injured worker retains the burden of proof at all stages of a workers' compensation claim, a trial court can grant relief at an expedited hearing if the court is satisfied that an employee has met the burden of showing that he or she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1).

In the present case, Employee had the burden of coming forward with sufficient proof that the July 16, 2018 work incident "contributed more than fifty percent (50%) in causing [her] . . . disablement or need for medical treatment, considering all causes." *See* Tenn. Code Ann. § 50-6-102(14). In her brief on appeal, Employee asserts "this is not a case of establishing the right to medical benefits . . . [it] is a case of preventing [Employer] from terminating medical benefits which it acknowledged it was liable for and which it provided for some time." More specifically, she asserts that Dr. Sielatycki's opinion is not controlling with respect to Employee's shoulder because he only evaluated her neck. Although Dr. Sielatycki did not address her shoulder condition in his medical opinions, we nonetheless conclude that Employee failed to show she is likely to prevail in proving a causal link between her shoulder condition and the July 2018 work incident.[2]

The trial court has conducted three expedited hearings to date. During the first expedited hearing, the sole issue concerned Employee's entitlement to temporary disability benefits. At that time, Employer was voluntarily providing medical benefits and medical causation was not addressed by the trial court. The court concluded Employee was entitled to temporary disability benefits, and that order was not appealed. However, after obtaining causation opinions from the authorized physician, Dr. Sielatycki, Employer requested a second expedited hearing in which it sought to have the court terminate benefits. Following the second expedited hearing, the trial court noted in its order that Employee "presented no testimony or other proof to contradict Dr. Sielatycki's causation responses," and the court concluded that Employee "failed to

---

[2] In response to Employee's argument that Employer should not be able to terminate medical benefits for the shoulder, "which it acknowledged it was liable for and which it provided for some time," we note that Dr. Arnold opined that Employee's pain symptoms could not be explained by the shoulder pathology and that he "strongly favor[ed]" a referral to a spine surgeon, which Employer authorized. We disagree that Employer has "acknowledged" it is liable for additional medical treatment for the left shoulder at this stage of the case.

overcome the statutory presumption afforded to Dr. Sielatycki." Based upon the absence of proof addressing Dr. Sielatycki's causation opinions, the trial court found that Employee "is not likely to prevail at a hearing on the merits that she is entitled to further medical benefits. In addition, the trial court ordered that Employer "may terminate temporary disability benefits." Employee did not appeal that order.

The third expedited hearing, which is at issue in this appeal, was conducted in response to Employee's request for continued medical benefits for her left shoulder. The trial court heard Employee's lay testimony, noted her acknowledgment "that no physician causally related her current symptoms to the work incident," and determined she "presented no testimony or other proof to contradict Dr. Sielatycki's causation responses." We conclude the evidence does not preponderate against the trial court's finding that Employee's evidence is insufficient at this stage to conclude she will likely prevail at trial.

Although Employee underwent unauthorized surgery for her left shoulder, she provided no medical proof addressing causation from the operating surgeon or any provider who treated her subsequent to her surgery. Dr. Arnold, Employee's initial panel orthopedist, offered no opinion on causation in his medical records beyond noting that Employee's "pain symptoms are not explained by the pathology in the shoulder" and stating that he does believe "it is related to the original injury as she was doing kind of a pulling torqueing mechanism trying to support her client . . . ." Based on Dr. Arnold's treatment and Employee's response to the treatment, Dr. Arnold stated that he "strongly favor[ed] evaluation by a spine surgeon," but he never offered any opinion addressing whether Employee suffered an injury in July 2018 that arose primarily out of her employment.

Although we have noted in previous cases that a physician need not use any specific language to establish proof of medical causation, we have emphasized that the physician's opinion must be sufficient to find the injury was primarily caused by the employment. As we have explained:

> We do not conclude that a physician must use particular words or phrases included in the statutory definition of "injury" to establish the requisite medical proof to succeed at trial. Thus, a physician may render an opinion that meets the legal standard in section 50-6-102(14) without couching the opinion in a rigid recitation of the statutory definition. What *is* necessary, however, is sufficient proof from which the trial court can conclude that the statutory requirements of an injury as defined in section 50-6-102(14) are satisfied.

*Panzarella v. Amazon.com*, No. 2015-01-0383, 2017 TN Wrk. Comp. App. Bd. LEXIS 30, at *14 (Tenn. Workers' Comp. App. Bd. May 15, 2017). Hence, in the present case,

we conclude Employee has offered no expert proof from which the trial court could conclude she is likely to prevail at trial in establishing the requisite proof of medical causation.[3]

The burden of establishing that an injury or a recommended course of treatment is causally related to a work accident rests on the injured worker, not the authorized physician. Moreover, an employee's lay testimony, standing alone, is insufficient to establish medical causation. *See Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *12 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). Because we conclude the evidence provided in Dr. Arnold's medical records regarding Employee's left shoulder do not meet the threshold requirements of section 50-6-102(14), we agree there is insufficient evidence at this stage of the case to conclude Employee is likely to prevail at trial.

## Conclusion

We conclude the preponderance of evidence supports the trial court's determination that, at this stage of the litigation, Employee's proof fails to establish she will likely prevail at trial. We affirm the result reached by the trial court and remand the case. Costs on appeal are taxed to Employee.

---

[3] We note that the trial court's characterization of Dr. Sielatycki's causation responses is problematic. The trial court concluded that Dr. Sielatycki's opinions established that Employee's injuries were not primarily caused by her employment. However, in his responses to the questions presented by Employer's counsel, Dr. Sielatycki noted he "cannot state [Employee's] *disc disease* is definitely [greater than] 50% related" to her work injury." (Emphasis added.) He also noted that "surgery is warranted to treat her [cervical] condition" but stated he "cannot prove the need for surgery is [greater than] 50% related to the injury in question." Dr. Sielatycki has yet to address whether Employee has a cervical spine condition caused primarily by the alleged work injury. Dr. Sielatycki's responses also fail to address causation for Employee's left shoulder complaints.

7



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Elizabeth Harrison | ) | Docket No. 2018-01-0699 |
| | ) | |
| v. | ) | State File No. 58404-2018 |
| | ) | |
| Chattanooga Staffing, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Audrey A. Headrick, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 26th day of April, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Charles G. Wright, Jr. | | | | X | wrightandwoodward@gmail.com |
| Brent A. Morris<br>Rosalia Fiorello | | | | X | bmorris@wimberlylawson.com<br>rfiorello@wimberlylawson.com |
| Audrey A. Headrick, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*Q. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov